IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP CROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 07-0740-KD-C |
| | ) |
| COOPER MARINE & TIMBERLANDS | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on defendant's motion to alter, amend or vacate judgment (doc. 43) filed January 30, 2009 and plaintiff's response in opposition (doc. 47) filed February 10, 2009.  Upon consideration, the motion is DENIED.

On January 15, 2009 the undersigned entered an order granting plaintiff's motion for summary judgment on defendant's counterclaim for recoupment of maintenance and cure. Defendant now moves the court, pursuant to Fed. R. Civ. P. 59(e) and 60(b), to alter, amend or vacate that order on the grounds, in sum, that there are "issues of fact regarding [plaintiff's] good faith belief in his fitness for duty when he reported for service aboard the vessel on August 7, 2008, and whether or not he misrepresented his medical condition and/or the nature of his injury...."

The grounds for granting a Rule 59(e)[1] motion include the following: (1) manifest errors

---

[1] "Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label." Rance v. D.R. Horton, Inc., 2008 WL 3864285, *3

1

of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. Fed. R. Civ. P. 59(e). While Rule 59(e) gives discretion to the district court to entertain a motion to alter or amend a judgment after its entry, it is well settled that it may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.1992). Morevover, "a judgment will not be amended or altered if to do so would serve no useful purpose." Jacobs v. Electronic Data Systems Corp., 240 F.R.D. 595, 599 (M. D. Ala., 2007) citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, supra, § 2810.1, at 128.

The arguments presented by defendant in support of the motion to alter or amend have been previously considered and rejected by the court. Accordingly, the motion is DENIED.

**DONE** and **ORDERED** this the 18th day of February 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

(11th Cir. August 21, 2008) citing Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.1986); United States v. Eastern Air Lines, Inc., 792 F.2d 1560, 1562 (11th Cir.1986).