IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PHILLIP CROW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 07-0740-KD-C** |
| ) | |
| **COOPER MARINE & TIMBERLANDS** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

This matter is before the Court on plaintiff's "Motion to Amend Complaint" (doc. 56) and defendant's response in opposition (doc. 61). Upon consideration, plaintiff's motion to amend the complaint is DENIED.

Plaintiff seeks to amend his complaint, pursuant to Fed. R. Civ. P. 15(a)(2)[1] and (c)(1)(B)[2] to "conform to the evidence." (Id. at p. 6) Specifically, plaintiff seeks to add detailed allegations of the negligence of defendant as well as specifics of the alleged unsafe conditions

---

[1] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides for amendment of pleadings and, at this stage of the litigation, the amendment shall be allowed "with the opposing party's written consent or the court's leave" which should be freely given "when justice so requires."

[2] Rule 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when:... (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading...."

1

present at the time of the incident made the basis of this lawsuit.  In opposition to the motion, defendant argues, in sum, that plaintiff has failed to make the required showing of "good cause" under Fed. R. Civ. P. 16(b).  The court concurs.

Plaintiff seeks to amend his complaint well after the deadline set forth in the court's scheduling order.[3]  As such, the court's analysis must begin with a determination under Fed. R. Civ. P. 16(b).  The Eleventh Circuit Court of Appeals has applied the "good cause" standard to determine whether to allow an amendment to a complaint when the motion is filed after the scheduling order's deadline.  <u>Sosa v. Airprint Systems, Inc</u>., 133 F.3d 1417, 1419 (11th Cir.1998); <u>Romero v. Drummond Co., Inc.</u>, 552 F.3d 1303, 1319 (11th Cir. 2008) Thus, plaintiff must first demonstrate that "good cause" exists for the proposed amendment to the complaint before the court may consider whether it is proper under Fed. R. Civ. P. 15(a).  <u>Sosa</u>, 133 F.3d at 1418.

Plaintiff does not address or even refer to the court's scheduling order in his motion.  Rather, plaintiff contends that the amendment should be allowed because defendant cannot claim surprise or prejudice.  However, as noted herein, the burden is not on defendant, but rather on the plaintiff to demonstrate that good cause exists to allow the proposed amendment at this late stage of the proceedings.  Plaintiff has failed to make the required showing.  <u>See</u> <u>Smith v. School Board of Orange County</u>, 487 F.3d 1361, (11th Cir. 2007) ("Given the extreme untimeliness of Smith's motion and his lack of a complete showing of good cause, the district court did not abuse its discretion in denying Smith the opportunity to amend his complaint....") Accordingly, the

---

[3] Pursuant to the court's Rule 16(b) Amended Scheduling Order (doc. 24) the deadline for filing amendments to the complaint was July 1, 2008.

motion to amend the complaint is DENIED.

**DONE** and **ORDERED** this the 21st day of April 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**