**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PHILLIP CROW,                          :

    Plaintiff,                     :

vs.                                    :        CA 07-0740-KD-C

COOPER MARINE & TIMBERLANDS :
CORPORATION,
                                       :
    Defendant.

**ORDER**

The joint motion for amendment of the scheduling order (Doc. 57) is due to be **DENIED** because the parties have not established the requisite good cause necessary, *see* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), to make any modification of the last order entered in this case, by District Judge Kristi DuBose, continuing trial of this cause to the June 2009 term, with jury selection on June 2, 2009 and a final pretrial conference on May 14, 2009 (Doc. 46).

The present motion contains a general request that trial of this cause be continued to the end of the June trial term in order to obtain accurate testimony from Dr. Jay Solorio relative to plaintiff's medical condition. Presumably,

plaintiff is referring to trial testimony of Dr. Solorio, since the discovery deadline has long since passed (*see, e.g.,* Doc. 41) as has the time for disclosure of expert testimony and the taking of expert depositions (*see* Doc. 24, ¶5). Since plaintiff will be well aware of Dr. Solorio's trial testimony by the end of May (*see* Doc. 57, at 1 & 2 ("Dr. Solorio . . . performed an arthroscopic menisectomy of Mr. Crow's left knee March 27, 2009. [] Plaintiff's counsel . . . was advised Mr. Crow would require rehabilitation for approximately two months. . . . It is believed that Dr. Solorio will be unable to testify as to prognosis, medical status, residual physical activities restrictions or disability, if any, until he evaluates Mr. Crow following rehabilitation.")), there can be no finding that good cause has been established to warrant giving the parties a trial date certain at the end of June particularly since there is already a distinct possibility that this case may go to trial toward the end of June. Moreover, the undersigned has no present knowledge of how many cases Judge DuBose has scheduled to go to trial in June and, therefore, any "change" in the present schedule cannot be guaranteed to the parties in this case. Finally, the pre-trial and jury selection dates necessarily fall on the dates set forth in the order of February 4, 2009 (Doc. 46) regardless of when the case may actually go to trial in June. Accordingly, the joint motion for amendment of the scheduling order (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** this the 22nd day of April, 2009.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**